IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>VICTOR MANUEL AGUILAR-MORALES,<br><br>Defendant. | No. CR07-0075<br><br>REPORT AND RECOMMENDATION CONCERNING PLEAS OF GUILTY |

The Defendant, by consent, appeared before the court pursuant to FED. R. CRIM. P. 11, and entered pleas of guilty to Counts 1, 2, and 4 of the Indictment on October 5, 2007. Defendant's pleas of guilty to Counts 2 and 4 are conditional pleas, pursuant to FED. R. CRIM. P. 11(a)(2). After cautioning and examining the Defendant under oath concerning each of the subjects mentioned in FED. R. CRIM. P. 11, the court determined that the guilty pleas were knowing and voluntary, and that the offenses charged are supported by an independent basis in fact containing each of the essential elements of such offenses. The court therefore RECOMMENDS that the pleas of guilty be accepted and that the Defendant be adjudged guilty and have sentence imposed accordingly.

At the commencement of the FED. R. CRIM. P. 11 proceeding, the Defendant was placed under oath and advised that if he answered any questions falsely, he could be prosecuted for perjury or for making a false statement.

The court then asked a number of questions to ensure the Defendant's mental capacity to enter the pleas. The Defendant stated his full name, his age, and the extent of his schooling. The court determined that the Defendant can read, understand, and speak the English language. The court inquired into the Defendant's history of mental illness and addiction to controlled substances. The court further inquired into whether the Defendant

1

was under the influence of any drug, medication or alcoholic beverage at the time of the pleas. From this inquiry, the court determined that the Defendant was not suffering from any mental disability that would impair his ability to make a knowing, intelligent and voluntary pleas of guilty to the charges.

The Defendant acknowledged that he had received a copy of the Indictment and that he had fully discussed these charges with his attorney.

The court determined that the Defendant was pleading guilty under a plea agreement with the government. After confirming that a copy of the written plea agreement was in front of the Defendant and his attorney, the court determined that the Defendant had read the plea agreement. The Assistant United States Attorney then summarized the terms of the plea agreement, and the court made certain that the Defendant understood its terms.

The court summarized the charges against the Defendant, and listed the elements of the crimes. The court determined that the Defendant understood each and every element of the crimes, and ascertained that Defendant's counsel had previously explained each and every element of the crimes to the Defendant, and Defendant's counsel confirmed that the Defendant understood each and every element of the crimes charged.

The court then elicited a full and complete factual basis for all of the elements of the crimes charged in the Indictment.

The court advised the Defendant of the consequences of his pleas, including an extensive discussion of the maximum punishment possible and any applicable mandatory sentencing considerations, and the probability that he would be deported.

The Defendant indicated that he had fully conferred with counsel and that he was fully satisfied with his counsel. The Defendant's attorney had full access to the government's discovery materials that supported a factual basis for the pleas.

The Defendant was then fully advised of his right not to plead guilty and to have a jury trial, including:

1. The right to assistance of counsel at every stage of the pretrial and trial proceedings;

2

2. The right to a speedy, public trial;

3. The right to have his case tried by a jury selected from a cross-section of the community;

4. That he would be presumed innocent at each stage of the proceedings, and would be found not guilty unless the government could prove each and every element of the offense beyond a reasonable doubt;

5. That the government could call witnesses into court, but that his attorney would have the right to confront and cross-examine these witnesses;

6. That the Defendant would have the right to see and hear all witnesses presented at trial;

7. That the Defendant would have the right to subpoena defense witnesses to testify at the trial and that if he could not afford to pay the mileage and other fees to require the attendance of these witnesses, the government would be required to pay those costs;

8. That the Defendant would have the privilege against self incrimination, i.e., that he could choose to testify at trial, but that he need not do so, and that if he chose not to testify, the court would, if he requested, instruct the jury that he had a constitutional right not to testify;

9. That any verdict by the jury would have to be unanimous;

10. That he would have the right to appeal, and that if he could not afford an attorney for the appeal, the government would pay the costs of an attorney to prepare the appeal.

The Defendant was also advised of the rights he would waive by entering pleas of guilty. The Defendant was told that there would be no trial, that he would waive all the trial rights just described and be adjudged guilty without any further proceedings except for sentencing. This is a conditional plea of guilty on Counts 2 and 4 of the Indictment. The Defendant reserves "the right to appeal from any adverse determination of the Defendant's September 25, 2007, motion to dismiss." (Plea Agreement at 1, ¶ 1)

The Defendant then confirmed that his decision to plead guilty was voluntary, that the decision to plead guilty was not the result of any promises other than plea agreement promises, that no one had promised him what the sentence would be, and that his decision to plead guilty was not the result of any threats, force or anyone pressuring him to plead guilty.

The Defendant then confirmed that he still wished to plead guilty, and pleaded guilty to Counts 1, 2, and 4 of the Indictment.

The court finds the following with respect to the Defendant's guilty pleas:

1. The guilty pleas are voluntary, knowing, not the result of force, threats or promises except plea agreement promises, and the Defendant is fully competent.

2. The Defendant is aware of the maximum punishment.

3. The Defendant knows his jury rights.

4. The Defendant has voluntarily waived his jury rights.

5. There is a factual basis for the pleas.

6. The Defendant is in fact guilty of the crimes to which he is pleading guilty.

Defendant was advised that a written presentence investigation report would be prepared to assist the court in sentencing. The Defendant was asked to provide the information requested by the United States Probation Office to prepare the presentence investigation report. The Defendant was advised of his right to have an attorney present during this process. The Defendant was told that he and his counsel would have an opportunity to read the presentence report before the sentencing hearing, and that he and his counsel would be afforded the opportunity to be heard at the sentencing hearing.

The Defendant was advised that the failure to file written objections within ten (10) days of the date of its service would bar him from attacking this court's Report and

Recommendation recommending that the assigned United States District Judge accept his pleas of guilty.

DATED this 5th day of October, 2007.

_____
JON STUART SCOLES
United States Magistrate Judge
NORTHERN DISTRICT OF IOWA